NORRED LAW, PLLC
Clayton L. Everett, State Bar No. 24065212
515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Counsel for Diamond Renovations, Inc.

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Diamond Renovations, Inc.**<br>  9227 Live Oak Lane<br>  Fort Worth, TX 76179<br>  EIN: 47-3437782<br><br>**Debtor** | Case No. 25-42386-elm11<br><br>Chapter 11<br><br>[Subchapter V Case] |

### Debtor's Amended Subchapter V Plan of Reorganization
(Dated February 25, 2026)

### I. Introduction

This Amended Plan of Reorganization (the "Plan") is filed pursuant to 11 U.S.C. §§ 1181–1195 of the Bankruptcy Code, Subchapter V of Chapter 11, by Diamond Renovations, Inc. (the "Debtor"). The Plan provides for the restructuring of the Debtor's financial obligations, continuation of its business, and payment to creditors in a manner that exceeds liquidation value. This Plan includes a Motion to Value Collateral under Bankruptcy Rule 3012.

### II. Background

• Debtor: Diamond Renovations, Inc.

• Case Filed: June 30, 2025

• Subchapter V Trustee: Behrooz P. Vida

• Assets: Approx. $482,407 (per Schedule A/B)

- Secured Debt: Approx. $301,392 (various loans and equipment financing)

- Unsecured Debt: To be determined by filed claims.

### III. Treatment of Claims and Interests

**A. Administrative Expenses – Class A**

Allowed administrative claims will be paid in full on the Effective Date or upon allowance by the Court, unless otherwise agreed.

> **Motion for Valuation of Collateral**
>
> Confirmation of this Plan may modify the rights of creditors asserting secured status. Pursuant to 11 U.S.C. §506(a) and Bankruptcy Rule 3012, the Debtor moves the Court to determine that certain claims asserting security interests, including National Funding, Inc. and Mulligan Funding, LLC, are unsecured or have collateral value of $0.00. Confirmation of this Plan shall constitute a hearing on valuation under Bankruptcy Rule 3012.
>
> To the extent any lien exists, the Debtor asserts that the value of the collateral securing such claims is $0.00 because the alleged security interests do not attach to identifiable property of the estate or are otherwise unsupported by valuation evidence.
>
> This Plan treatment constitutes both a Motion to Value and an Objection to Secured Status under Bankruptcy Rules 3012 and 3007. Upon confirmation, any lien asserted by National Funding, Inc. or Mulligan Funding, LLC shall be deemed void and released to the extent the claim is allowed as unsecured pursuant to this Plan.

**B. Secured Claims – Class B**

Except as otherwise provided herein for disputed secured claims subject to valuation under 506(a), the secured creditors listed on Debtor's Schedule D shall be paid direct according to their existing contract terms, outside the Plan. The Debtor shall maintain all required insurance and make timely payments to preserve collateral. The Debtor shall remain current on all direct payments; failure to do so shall permit the creditor to exercise remedies after notice and opportunity to cure.

1. <u>Cadence Bank</u>. No filed claim. Cadence Bank holds a secure SBA loan in the amount of $54,203.61 and has a blanket lien on Debtor's office equipment and accounts.

2. <u>EECU</u>. Claim No. 9. EECU has a secured claim in the amount of $41,938.02 against a 2022 Chevrolet Silverado 2500, VIN ending in 0527.

3. <u>EECU</u>. Claim No. 10. EECU has a fully secured claim in the amount of 54,671.27, secured by a 2023 Chevrolet Silverado 3500, VIN ending in 3554.

4. <u>Kubota Credit Corporation</u>. Claim 12. Kubota has a secured claim in the amount of 45,969.14, secured by various equipment including but not limited to a 4WD HST Tractor, Front Loader, Fix Bar Box Scraper, and a 2072 Rotary Cutter.

5. <u>National Funding, Inc</u>. Claim 8. Creditor filed a proof of claim asserting secured status based upon a UCC filing. The Debtor disputes the existence of collateral securing this claim and asserts that no identifiable property supports secured treatment. Pursuant to §506(a), the value of any collateral is $0.00. The claim shall be treated as a general unsecured claim under Class D.

6. <u>Mulligan Funding, LLC</u>. Claim 1. Creditor filed a proof of claim asserting a blanket lien on all assets and accounts. The Debtor disputes secured status because no specific collateral or valuation has been identified. Pursuant to §506(a), the value of any collateral is $0.00. The claim shall be treated as a general unsecured claim under Class D.

### C. Priority Claims – Class C

Priority claims under 11 U.S.C. § 507 shall be paid in full in accordance with the Bankruptcy Code. Priority tax claims will be paid with statutory interest as required by 11 U.S.C. §1129(a)(9)(C), unless otherwise agreed.

### D. General Unsecured Claims – Class D

For avoidance of doubt, any claim reclassified through valuation under Section III.B shall participate in distributions as a general unsecured claim. All allowed unsecured claims shall receive distributions totaling 105% of liquidation value (the "Plan Distribution"). Payments shall be made monthly, pro rata to allowed unsecured claims, over a period not to exceed 5 years.

### E. Equity Interests – Class E

Existing equity ownership shall be retained, subject to compliance with this Plan.

### IV. Means of Implementation

1. The Debtor will continue its remodeling and construction operations from its Fort Worth office.

2. Cash flow from ongoing business will fund the Plan distributions.

3. Secured debts will be serviced directly. Direct payments to secured creditors are outside the Plan and shall not be administered by the Court or Trustee.

4. The Subchapter V Trustee's services shall conclude upon confirmation of the Plan. The Debtor shall act as disbursing agent and shall make all distributions required under the Plan. Except for any limited duties expressly reserved in the Confirmation

Order, the Subchapter V Trustee shall be relieved of further reporting, oversight, or administrative responsibilities following confirmation.

5. The Debtor as disbursing agent will make monthly payments due under the Plan.

## V. Projections and Feasibility

The Debtor believes that continued operations will generate sufficient cash flow to:

- Pay secured creditors direct under contract terms;
- Meet obligations to unsecured creditors at a level exceeding liquidation value by 5%;

## VI. Liquidation Analysis

| Category | Amount |
| --- | --- |
| **Total Assets** | $482,407 |
| **Less Secured Claims** | $301,392 |
| **Net Value for Unsecureds in Ch. 7** | $181,015 |
| **Plan Commitment (Liquidation +5%)** | $190,066 |

## VII. Payment Schedule to Unsecured Creditors

| Year | Monthly Payments | Cumulative Payment |
| --- | --- | --- |
| **Year 1** | $3,168 | $38,016 |
| **Year 2** | $3,168 | $76,032 |
| **Year 3** | $3,168 | $114,048 |

| Year 4 | $3,168 | $152,064 |
| Year 5 | $3,168 | $190,080 |

## VIII. Plan Administration

The Debtor shall file quarterly reports until substantial consummation. Substantial consummation shall occur upon commencement of Plan payments.

The Subchapter V Trustee shall not act as disbursing agent and shall have no post-confirmation administrative role unless otherwise ordered.

## IX. Discharge

Upon completion of payments required under this Plan, the Debtor shall receive a discharge pursuant to 11 U.S.C. § 1192.

Respectfully Submitted:

_____
Randy Cryer, CEO & Vice President
On Behalf of Debtor Diamond Renovations, Inc.