United States Bankruptcy Court

Northern District of Texas

In re:                                                                          Case No. 25-42386-elm

Diamond Renovations, Inc.                                                       Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0539-4 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: May 26, 2026 | Form ID: pdf024 | Total Noticed: 2 |

The following symbols are used throughout this certificate:

**Symbol       Definition**

+              Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 28, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Diamond Renovations, Inc., 9227 Live Oak Ln, Fort Worth, TX 76179-4063 |
| aty | + Norred Law PLLC, 515 E. Border St., Arlington, TX 76010-7402 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 28, 2026                         Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 26, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Behrooz P. Vida -SBRA V | behrooz@vidatrustee.com  cbpv11@trustesolutions.net;tracy@vidatrustee.com;bpv2117@gmail.com |
| Clayton Everett | on behalf of Debtor Diamond Renovations  Inc. clayton@norredlaw.com, clayton.norredlaw.com@recap.email;warren@norredlaw.com;anorred@norredlaw.com;angela@norredlaw.com;norredbk@gmail.com;norredlawpllc@jubileebk.net;kailey@norredlaw.com |
| David L. Pritchard | on behalf of Creditor EECU david@dlplegal.com  pritchardlawfirm@ecf.courtdrive.com;thepritchardlawfirmpllc@jubileebk.net |
| Tom W. Sharp | on behalf of Creditor DATCU Credit Union tsharp@blalack.com  bksupport@blalack.com |
| United States Trustee | ustpregion06.da.ecf@usdoj.gov |

District/off: 0539-4                          User: admin                                    Page 2 of 2
Date Rcvd: May 26, 2026                       Form ID: pdf024                                Total Noticed: 2

Warren V. Norred

on behalf of Debtor Diamond Renovations  Inc. warren@norredlaw.com,
anorred@norredlaw.com;angela@norredlaw.com;clayton@norredlaw.com;norredbk@gmail.com;norredlawpllc@jubileebk.net;kailey@norredlaw.com

TOTAL: 6



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 26, 2026**

_____
**United States Bankruptcy Judge**

---

## United States Bankruptcy Court
### Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Diamond Renovations, Inc.**<br>    9227 Live Oak Lane<br>    Fort Worth, TX 76179<br>    EIN: 47-3437782<br><br>**Debtor** | **Case No. 25-42386-elm11**<br><br>**Chapter 11**<br><br>**[Subchapter V Case]** |

### ORDER CONFIRMING DEBTOR'S AMENDED SUBCHAPTER V PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. § 1191(b)

On April 15, 2026, the Court considered the confirmation of the *Debtor's Amended Subchapter V Plan of Reorganization* dated February 25, 2026 (the "Plan"), filed by Diamond Renovations, Inc. (the "Debtor"). The Court finds that due, proper, and sufficient notice of the confirmation hearing was given to all creditors and parties in interest.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court finds that the standards for confirmation under 11 U.S.C. § 1191(b) have been fully satisfied. Specifically, the Court finds that the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

The Court further finds that:

1. The Plan complies with all other applicable provisions of Subchapter V of Chapter 11 of the Bankruptcy Code.

2. The Debtor will continue its remodeling and construction operations.

3. The Plan is feasible, and continued business operations will generate sufficient cash flow to fund the required distributions.

4. The Plan provides unsecured creditors with a recovery totaling 105% of liquidation value, ensuring they receive a value that exceeds what they would receive if the estate were liquidated under Chapter 7.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## I.      Confirmation of the Plan Under Section 1191(b)

The Debtor's Amended Subchapter V Plan of Reorganization (Dated February 25, 2026)  is hereby CONFIRMED pursuant to 11 U.S.C. § 1191(b). The terms of the Plan are binding upon the Debtor, all creditors, equity security holders, and other parties in interest.

## II.      Designation of Disbursing Agent

Pursuant to the terms of the Plan, the Debtor, Diamond Renovations, Inc., is hereby designated as the Disbursing Agent. The Debtor shall make all distributions

required under the Plan. Cash flow from ongoing business operations will fund these distributions, and these payments shall not be administered by the Trustee.

### III.    Discharge and Relief of Subchapter V Trustee

Behrooz P. Vida, the designated Subchapter V Trustee, is discharged and shall not act as the disbursing agent. The active services and oversight of the Subchapter V Trustee shall conclude upon the entry of this Confirmation Order. Except for any limited duties expressly reserved by order of this Court, the Subchapter V Trustee is hereby relieved of further reporting, oversight, or administrative responsibilities following confirmation.

### IV.    Valuation of Collateral and Avoidance of Liens

Pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012, and in accordance with Section III.A of the Plan, the Court determines that the value of the collateral securing the claims of National Funding, Inc. and Mulligan Funding, LLC is $0.00 because the alleged security interests do not attach to identifiable property of the estate.

National Funding, Inc. (Claim No. 8): This claim is reclassified and shall be treated strictly as a Class D General Unsecured Claim.

Mulligan Funding, LLC (Claim No. 1): This claim is reclassified and shall be treated strictly as a Class D General Unsecured Claim.

### V.    Treatment of Secured Claims (Class B)

Except as provided above for reclassified claims, the secured creditors listed on the Debtor's Schedule D shall be paid by the Debtor according to their prepetition terms.

The Debtor shall remain current on all such payments and maintain all required insurance to preserve the underlying collateral. These secured claims include:

**Cadence Bank**: Holds a secure SBA loan in the amount of $54,203.61, secured by a blanket lien on the Debtor's office equipment and accounts.

**EECU (Claim No. 9):** Holds a secured claim in the amount of $41,938.02 against a 2022 Chevrolet Silverado 2500.

**EECU (Claim No. 10)**: Holds a fully secured claim in the amount of $54,671.27, secured by a 2023 Chevrolet Silverado 3500.

**Kubota Credit Corporation (Claim No. 12):** Holds a secured claim in the amount of $45,969.14, secured by various equipment including a 4WD HST Tractor, Front Loader, Fix Bar Box Scraper, and a 2072 Rotary Cutter.

### VI.    Payments to General Unsecured Creditors (Class D)

All allowed general unsecured claims (including any claims reclassified via valuation) shall participate in distributions as general unsecured claims and receive a total distribution equal to 105% of liquidation value.

Based on total assets of $482,407 less secured claims of $301,392, the net value for unsecured creditors in a Chapter 7 liquidation is $181,015, establishing a total Plan Commitment of $190,066. The Debtor shall execute this commitment via pro-rata monthly payments over a period not to exceed 5 years  according to the following schedule:

| Year | Monthly Payments | Cumulative Payment |
| --- | --- | --- |
| **Year 1** | $3,168 | $38,016 |

| Year 2 | $3,168 | $76,032 |
| Year 3 | $3,168 | $114,048 |
| Year 4 | $3,168 | $152,064 |
| Year 5 | $3,168 | $190,080 |

### VII.    Plan Discharge

Because the Plan is confirmed under 11 U.S.C. § 1191(b), the Debtor shall

receive its discharge pursuant to 11 U.S.C. § 1192 upon the completion of all payments

required under the Plan.

# # # END OF ORDER # # #